RENDELL, Circuit Judge,
Concurring in Part and Dissenting in Part.
While I agree with the majority that the District Court should not have granted summary judgment in favor of Appellees, further development of the record is not required. The case can and should be decided based on the plain language of the general indemnity agreement signed by Appellees in 1995 (the “Agreement”). The Agreement unambiguously obligates Ap-pellees to indemnify “Surety” which, by definition, includes Swiss Re. I would reverse and grant summary judgment in favor of Swiss Re, and remand solely for a determination of damages. I must therefore respectfully dissent.
Under the Agreement, Appellees promised to indemnify “the Surety” for various expenses the Surety might incur “which arise by reason of, or in consequence of, the execution by the Surety of any Bond on behalf’ of Appellees. (App. at 493.) The definition of “Surety” expressly includes reinsurers.[17] “Bond” is defined as, “Any contractual obligation undertaken by Surety” for Appellees. (Id. at ¶ 2) (emphasis added). The Agreement was a unilateral contract, signed only by Appellees, by which Appellees’ promises would be *68 come binding upon “the execution and delivery by the Surety of a Bond or any Bond on behalf of’ Appellees. (Id. at ¶ 2.) Swiss Re executed and delivered a contractual obligation on behalf of Appellees in the form of a $2.6 million reinsurance agreement on the Performance Bond, and fulfilled its obligation under that agreement by completing the Neville Island Project after Appellees had been terminated. Appellees therefore are directly bound to indemnify Swiss Re independent of Appellees’ relationship to Amwest or any other Surety.
The Agreement contains no provision excusing Appellees’ obligations to a Surety based on another Surety’s default. There is no incorporation of other agreements and no condition to Appellees’ obligations. If Appellees had wanted to provide for some exceptions to its indemnity obligations to any Surety based on any other default or breach it could have said so. On such points, the Agreement is silent.
I suggest that we will unnecessarily disrupt commercial dealings by reading into the Agreement a requirement that the fulfillment of bond obligations by one Surety is a necessary pre-condition to the principal’s obligation to a reinsurer Surety. To the contrary, Swiss Re had the right, under the plain language of the Agreement, to rely on a direct obligation of indemnity running to it from Appellees, so long as Swiss Re delivered a reinsurance contract and fulfilled its obligations under the contract—which it did.
Moreover, while industry custom and usage may shed additional light on the terms “execute” and “bond,” Appellees raised no such arguments on appeal or before the District Court. I see no reason to give Appellees, sua sponte, another opportunity to litigate their case.
I would accordingly reverse the order of the District Court granting summary judgment to Appellees and denying summary judgment to Swiss Re on the issue of liability, and remand the matter for the District Court to determine damages.

. Paragraph 2 of the Agreement specifically defines “Surety” to include Amwest, "its affiliates, subsidiaries or reinsurers, and any other person(s) or entity(ies) which the Surety may procure to act as Surety or as Co-Surety on any Bond, or any other person who executes a Bond at the request of Surety.” (emphasis added).